Nov. Term,
1827.

Test
v.
Devers.

---

### Test *v.* Devers.

The complainant, in an action of forcible entry and detainer, stated that the defendant with force and arms, unlawfully and forcibly entered upon the plaintiff's land (particularly described), and him the plaintiff with force and arms did expel and unlawfully put out of possession: *Held,* that this complaint could not be objected to after verdict, for not showing more particularly that the plaintiff had peaceable possession of the premises before the injury complained of.

The verdict in the Circuit Court for the plaintiff, on appeal, in a case of forcible entry and detainer, must, as on the trial before the justices, be signed by all the jurors.

Monday,
November 5.

ERROR to the *Rush* Circuit Court.

BLACKFORD, J.—*Devers* filed a complaint of forcible entry and detainer, before two justices of the peace, against *Test,* and obtained a verdict and judgment. *Test* appealed to the Circuit Court. The verdict of the jury there was as follows: "We of the jury find for the plaintiff." The Circuit Court rendered judgment of restitution on the verdict. *Test* has brought the case before this Court by a writ of error. The following, among others, are the errors assigned: first, the complaint filed

is insufficient; secondly, the verdict should have pursued the form prescribed by the statute.

The objection to the first count in the complaint is, that it contains no averment that the plaintiff had the peaceable possession of the premises, previously to the injury complained of. As to that, the complaint states, that the defendant with force and arms, unlawfully and forcibly, entered upon the plaintiff's land, (particularly described,) and him, the plaintiff, with force and arms did expel, and unlawfully put out of possession. This we consider amply sufficient after verdict. Whether the objection would have had any weight, had it been previously made, no opinion need be given.

There is another count in the complaint, which is also objected to; but as the first is good, it is not material in deciding this case, to examine the other.

The objection made to the verdict, depends upon a mere question of practice. If the form, given by the statute in cases of forcible entry and detainer, must be substantially pursued in the Circuit Court, as well as before the justices, then this verdict is insufficient. In *Moore* v. *Read*, *May* term, 1822, we determined, that a verdict in the Circuit Court, pursuant to the form in the statute, was correct (1). The act, prescribing the form of the oath to the jury, and that of the verdict, the nature of the judgment, and the form of the writ of restitution, in these cases before justices, authorises an appeal to the Circuit Court, and directs that the Court shall hear and determine the case, agreeably to the true intent and meaning of that statute (2). The legislature probably intended, that the subject of inquiry for the jury, the forms of the verdict, judgment, and writ of restitution, in the Circuit Court, should be the same in substance as those before the justices, changing only what is necessary to be changed. Indeed no reason is perceived, why more particularity should be required in the one case than in the other; or why the nature of the inquiry, of the verdict, judgment, and execution, should not be the same in both. Considering, as we do, that that similarity is required by the statute, which is the only authority for this proceeding in forcible entry and detainer, the verdict in the present case must be deemed, in substance, defective. According to the statute, no judgment can be rendered in these cases for the

Nov. Term,
1827.

plaintiff, unless the verdict be signed by all the jurors.    This verdict is not so signed; and for that reason alone, were there no other, the judgment rendered upon it cannot be supported (3).

Per Curiam.—The judgment is reversed,.and the verdict set aside, with costs.    Cause remanded, &c.

Fletcher, for the plaintiff.

Sweetser and Smith, for the defendant.

(1) Vol. 1. of these Rep. 177.

(2) R. C. 1824, p. 212.    Accord.  R. C. 1831, p. 265.

(3) Accord.    Ward et al. v. Crane et al., May term, 1834.